UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ALLEN C. WEGENER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-572 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. The matter is now before the court on defendant's motion for summary judgment on the ground that plaintiff's lawsuit is time-barred because it was filed outside the 60-day limitations period established by 42 U.S.C. § 405(g). (docket # 7). The court entered an order on October 9, 2008 (docket # 10) advising plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to defendant's motion. On October 14, 2008, plaintiff filed a three-page brief in opposition to defendant's motion. (docket # 11). Upon review, I recommend that defendant's motion for summary judgment be granted.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law.  FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**Proposed Findings of Fact**

The facts necessary to resolution of the motion appear of record.  Plaintiff filed his applications for DIB and SSI benefits in September 2003.  Both claims for social security benefits were denied on initial review.  On September 27, 2007, plaintiff received a hearing before and administrative law judge (ALJ) at which he was represented by counsel.  On November 15, 2007,

-2-

the ALJ issued a decision denying plaintiff's applications for DIB and SSI benefits. (docket # 7, Attachment # 1). On April 9, 2008 the Appeals Council mailed plaintiff a notice of its denial of plaintiff's request for review of the ALJ's decision. (*Id.*, Attachment # 2). A copy of the notice was sent to plaintiff's attorney. (*Id.* at 3). The notice advised plaintiff that he had sixty days within which to file a civil action. (*Id.* at 2). The notice stated, "The 60 days start the day after you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.*). Plaintiff did not present evidence regarding the date he actually received the Appeals Council's notice. He filed his complaint on June 17, 2008.

## **Discussion**

Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007)(citing 20 C.F.R. § 422.210(c)). The Sixth Circuit recognizes that "the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing." *Cook*, 480 F.3d at 436. Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *Id*; *see* 20 C.F.R. §§ 404.901, 422.210(c). Plaintiff did not present evidence to rebut the presumption that he received the Appeals Council's notice on April 14, 2008. Therefore, plaintiff was required to file this lawsuit no later than June 13, 2008. Plaintiff did not file his complaint until June 17, 2008.

Plaintiff argues that his former attorney advised him that a complaint filed on June 17, 2008 "would be within the proper time frame." (Plaintiff's Brief at 2, docket # 11). Plaintiff did not submit affidavits or other evidence in support of this argument. Assuming *arguendo* that plaintiff had submitted his own affidavit and an affidavit from his former attorney establishing that plaintiff had received erroneous legal advice, the attorney's error would not establish a basis for equitable tolling. It is the plaintiff's burden to submit evidence demonstrating "exceptional circumstances warranting equitable tolling." *Kellum v. Commissioner*, No. 07-cv-6098, 2008 WL 4428413, at * 2 (6th Cir. Oct. 1, 2008). "Equitable tolling generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at * 3 (6th Cir. Oct. 1, 2008)(quoting *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

The Sixth Circuit recently held in *Kellum v. Commissioner* that a claimant for social security benefits was not entitled to equitable tolling based on his attorney's failure to file a timely complaint. The claimant was bound by the acts and omissions of his chosen legal representative. 2008 WL 4428413, at * 3. Here, plaintiff's claim for equitable tolling is even less substantial because it is based on plaintiff's claim of purportedly erroneous advice by his former attorney. Plaintiff bears the responsibility for having waited too long to file his complaint. "[T]his case will serve as yet another 'classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.'" *Kellum*, 2008 WL 4428413, at * 3 (quoting *Cook v. Commissioner*, 480 F.3d at 437). Plaintiff has not established grounds for equitable tolling of the statute of limitations.

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (docket # 7) be granted, and that judgment be entered in favor of the defendant.


Dated:   November 7, 2008           /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**
Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).